UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TIMOTHY ALLEN, | No. C 14-2570 LB |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | [Re: ECF No. 1] |
| DR. NORUM, | |
| Defendant. | |

## INTRODUCTION

Timothy Allen, an inmate at California State Prison - Sacramento, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He has consented to proceed before a magistrate judge. ECF No. 3. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order directs that the Marshal serve the complaint on the defendant so that he may respond to it.

## STATEMENT

Mr. Allen alleges the following in his complaint about events and omissions that apparently occurred at Pelican Bay State Prison. On January 9, 2014, while being admitted to a mental health crisis bed at the correctional treatment center, Mr. Allen was interviewed by Dr. Norum, the chief psychiatrist at Pelican Bay. Dr. Norum thought Mr. Allen "was lying about being suicidal so he stated, 'since you want to play these suicidal games, I'm going to make you suicidal.' Dr. Norum

1  then told staff to place [Mr. Allen] in the coldest cell in the [correctional treatment center] and make
2  it as uncomfortable as possible." ECF No. 1 at 3.  Mr. Allen was kept in the cell for 10 days without
3  a mattress or blanket, and was kept in this cell for 27 days "overall." *Id.*  All the other crisis bed
4  cells were vacant at the time he was placed in this cell.

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id*. at § 1915A(b).  *Pro se* complaints must be liberally construed.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety and health of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety or health.  *See id.* at 834.

There are two routes to potential Eighth Amendment liability in this action.  The first route is a claim for deliberate indifference to mental health needs.  Deliberate indifference to a prisoner's serious medical needs, including his mental health needs, amounts to the cruel and unusual punishment prohibited by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Ci. 1994) (medical needs may include mental health care needs).  Liberally construed, the complaint states a cognizable Eighth Amendment claim for deliberate indifference to Mr. Allen's mental health needs by Dr. Norum.  Dr. Norum allegedly said he would make Mr. Allen suicidal because he (Dr. Norum) thought Mr. Allen was malingering, and

1  Dr. Norum thereafter directed that Mr. Allen be put in the coldest cell and be made as uncomfortable
2  as possible. Mr. Allen allegedly was kept in the cold cell for 27 days, the first 10 days of which he
3  was without a mattress or blanket.

4  The second route to potential Eighth Amendment liability is a claim for deprivation of one of the
5  basic necessities of life, regardless of whether Mr. Allen had a serious mental health need. The
6  Eighth Amendment imposes duties on prison officials to "provide humane conditions of
7  confinement," including adequate food, clothing and shelter. *See Farmer*, 511 U.S. at 832. The
8  Eighth Amendment may be violated by the placement of a prisoner in a cell without adequate
9  heating, particularly where the inmate also is not given a blanket. *See Keenan v.* Hall, 83 F.3d 1083,
10 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (Eighth Amendment guarantees
11 adequate heating). Liberally construed, the complaint states a cognizable Eighth Amendment claim
12 against Dr. Norum based on the allegations that he caused Mr. Allen be put in a cold cell for 27 days
13 and without a blanket for the first 10 days. As noted, this theory of liability does not depend on Mr.
14 Allen having any particular mental health need.

## CONCLUSION

16  1. The complaint states a cognizable § 1983 claim against Dr. Norum for a violation of Mr.
17 Allen's Eighth Amendment rights.

18  2. The clerk shall issue a summons and the United States Marshal shall serve, without
19 prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents
20 in the case file upon Dr. Norum, chief psychiatrist at Pelican Bay State Prison.

21  3. In order to expedite the resolution of this case, the following briefing schedule for dispositive
22 motions is set:

23  a.  No later than **September 12, 2014,** defendant must file and serve a motion for
24 summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot
25 be resolved by summary judgment, defendant must so inform the Court prior to the date the motion
26 is due. If defendant files a motion for summary judgment, defendant must provide to Plaintiff a new
27 *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods*
28 *v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on non-exhaustion of

administrative remedies, defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **October 10, 2014**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c.    If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **October 24, 2014**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may serve a document by mailing a true copy of the document directly

1  to the defendant, but once a defendant is represented by counsel, all documents must be mailed to
2  counsel rather than directly to that defendant.

3      6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further
4  court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the
5  parties may conduct discovery.

6      7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court
7  informed of any change of address and must comply with the court's orders in a timely fashion.
8  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal
9  Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending
10 case every time he is moved to a new facility or is released from custody.

11     8. Plaintiff is cautioned that he must include the case name and case number for this case on
12 any document he submits to the Court for consideration in this case.

13 **IT IS SO ORDERED.**

14 Dated: July 2, 2014

    _____
    LAUREL BEELER
    United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California