UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TIMOTHY ALLEN, | No. 14-cv-2570 LB |
| Plaintiff, | **ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |
| v. | |
| DR. NORUM, | |
| Defendant. | |

## INTRODUCTION

This action is now before the court to address issues arising from the death of one of the parties. For the reasons explained below, the court will stay the proceedings and administratively close the case, and do nothing further until (a) the plaintiff moves to substitute in a proper defendant in place of the deceased defendant, or (b) the deceased defendant's representative either (1) files a document that triggers the 90-day deadline in Federal rule of Civil Procedure 25(a) for the plaintiff to file a motion to substitute a proper defendant in place of the deceased defendant or (2) moves to substitute in as a defendant.

14-cv-2570 LB
ORDER

**STATEMENT**

In this *pro se* prisoner's civil rights action, Timothy Allen has sued Dr. Norum under 42 U.S.C. § 1983 for deliberate indifference to Mr. Allen's medical needs in violation of his Eighth Amendment rights. Dr. Norum was served with process and consented to proceed before a magistrate judge. (ECF No. 22.) His attorney later filed a "Statement Noting A Party's Death," in which the attorney stated that Dr. Norum had died during the pendency of this litigation. (ECF No. 26.)

Due to the various issues presented by Dr. Norum's death, the court vacated the briefing schedule for dispositive motions and ordered the parties to file status reports. The court asked them to provide information about several matters, including the attorney's continuing authority to act on behalf of Dr. Norum, information that might help locate the successor or legal representative of Dr. Norum, and the parties' views as to whether this action should be stayed to wait for Mr. Allen to comply with the claims-presentation requirements of the California Probate Code. (ECF No. 31 at 4.)

Mr. Allen did not file the required status report.

The attorney who had represented Dr. Norum filed a status report on behalf of the specially appearing California Department of Corrections and Rehabilitation (CDCR). (ECF No. 32.) The status report explained that the attorney had no continuing authority to represent Dr. Norum after his death; however, because the complained-of events occurred while Dr. Norum was employed by the CDCR, the CDCR "has a continuing interest in the matter, since there is at least the potential for a judgment that CDCR might be asked to satisfy." (*Id.* at 1.) The status report also stated that Dr. Norum apparently had died in Monterey County, and that no probate proceedings were located for Dr. Norum's estate as of the time the status report was filed. *Id.* at 2. Finally, the status report urged that the action should be dismissed under Federal Rule of Civil Procedure 25(a) rather than stayed.

**ANALYSIS**

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the

death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a). Rule 25(a) "describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (internal quotation marks and citation omitted); *see also First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242 (9th Cir.1989) ("Rule 25(a) dictates the method of substitution of parties in the federal courts and is purely procedural").[1] A "proper party" under Rule 25(a)(1) is the legal representative of the decedent, e.g., the executor of the decedent's Will or the administrator of his Estate. *See Mallonee v. Fahey*, 200 F.2d 918, 919-20 (9th Cir. 1953).

Although Rule 25(a)(1) provides a 90-day window to file a motion for substitution or the action will be dismissed, there are two requirements to trigger the commencement of that period. "First, a party must formally suggest the death of the party upon the record." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The advisory committee also recognized that a "representative of the deceased party [who] desires to limit the time within which another may make the motion" may suggest the death upon the record. Fed. R. Civ. P. 25 advisory committee's note. Second, the suggestion of death must be served on the parties to the action pursuant to Federal Rule of Civil Procedure 5(b), "while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Barlow*, 39 F.3d at 233.

Neither of Rule 25(a)'s requirements have been satisfied in this action. First, a "party" has not formally suggested the death of the party upon the record. *See Barlow*, 39 F.3d at 233. The lawyer who filed the statement of Dr. Norum's death had no continuing authority to represent the now-deceased client, is not a party to this action and is not the legal representative of Dr. Norum's Estate. Therefore, the statement of death filed by the lawyer did not satisfy Rule 25(a). *See Woodson v. City of Richmond*, 2014 WL 7462509 (E.D. Va. 2014) (deceased party's lawyer is not allowed to file a

---

[1] The court explained earlier that, other than a claim for punitive damages, Mr. Allen's § 1983 claim could survive the death of Dr. Norum, but that Mr. Allen had to comply with the claims presentation requirements of the California Probate Code if he wanted to pursue this action against Dr. Norum's personal representative. (ECF No. 31 at 2.) The court also explained that, after complying with the California Probate Code claim presentation requirements, Mr. Allen would then need to move under Rule 25(a) to substitute in Dr. Norum's legal representative in place of Dr. Norum. (ECF No. 31 at 2-3.)

statement noting a party's death under Rule 25(a) because the lawyer is neither a party nor a representative or successor of the deceased party); *id.* at *2 ("any notice of death filed by decedent's lawyer is of no effect under Rule 25(a)(1) and does not trigger the 90-day time period"); *cf. Farris v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985) (deceased party's lawyer could not file a Rule 25(a) motion to substitute parties because his authority to act ended with the death of his client).

Second, even if Dr. Norum's lawyer had the authority to file the statement of death, he did not serve that statement in the manner required by Rule 25(a) and therefore did not trigger the 90-day period within which Mr. Allen must file a motion to substitute a proper party. The lawyer did not serve the statement of death on the "nonparty successors or representatives of the deceased party . . . in the manner provided by Rule 4 for the service of a summons." *Barlow*, 39 F.3d at 233; *accord Giles v. Campbell*, 698 F.3d 153, 158 (3d Cir. 2012) (suggestion of death not served on the deceased party's successors or representatives as required by Rule 25(a) and Rule 4 is deficient).

Dr. Norum's lawyer urges that it is not necessary to serve the notice of death on successors or representatives where the deceased party is a defendant, and cites *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469-70 (2d Cir. 1998), in support of his argument. In *Unicorn Tales*, the Second Circuit determined that a nonparty – there, the surviving spouse of the dead defendant – could serve a statement of the fact of death, and that the statement of the fact of death did not need to identify the representative of the estate or the successor of the decedent.[2] Regardless of the rule in the Second Circuit, this court must follow the controlling Ninth Circuit case of *Barlow*, and *Barlow* makes no distinction between the requirements for a deceased defendant and a deceased plaintiff. *Barlow* requires that the successor or representative of the deceased party be served properly with the

---

[2]The court *Unicorn Tales* was concerned that limiting the power to trigger the 90-day period in Rule 25(a) only to a party or a formal representative of the estate of a decedent would needlessly require that "the estate must be probated and a representative selected before the statement of the fact of death can be filed." 138 F.3d at 470. An opposing view was voiced in *Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969), where the court was concerned with the potential for abuse if a representative did not have to be named or served. The court noted that a decedent's attorney could "place on plaintiff the burden, where no conventional representative was appointed for the estate in probate court, of instituting machinery in order to produce some representative of the estate ad litem, pending appointment of the representative contemplated by law of the domicile of the deceased."

1  suggestion of death. There is no indication that Dr. Norum's non-party successor or representative
2  has been identified, let alone served in a manner provided by Rule 4 for the service of summons.
3  The 90-day period in Rule 25(a) for Mr. Allen to file a motion to substitute in a proper party in
4  place of the deceased defendant has not yet been triggered because the suggestion of death has not
5  been filed and served properly. It also is not clear whether or when that 90-day period ever will
6  start. This action will remain at a standstill until Mr. Allen files a motion to substitute the legal
7  representative in place of Dr. Norum or until Dr. Norum's legal representative takes action. Since
8  neither of these has occurred, this action may grow old on the court's docket without any resolution.
9  Instead of allowing the action to linger on the court's docket, the preferable approach is to stay these
10 proceedings and administratively close the case until Mr. Allen or Dr. Norum's successor takes
11 action to resolve the substitution standstill. This is not a suggestion that Mr. Allen can wait for his
12 opponent to act; to the contrary, Mr. Allen must act diligently to comply with the claims
13 presentation requirement of the California Probate Code and the deadlines therein to avoid losing
14 forever his ability to pursue a claim against Dr. Norum's legal representative.

## CONCLUSION

16 This action is STAYED and the clerk will ADMINISTRATIVELY CLOSE the case. If and
17 when Mr. Allen is ready to file a motion to substitute a proper defendant in place of Dr. Norum, Mr.
18 Allen should move to lift the stay and reopen the action at the same time he files his motion to
19 substitute a proper defendant in place of Dr. Norum. If Dr. Norum's legal representative wishes to
20 trigger the 90-day period in Rule 25(a), he/she should move to lift the stay and reopen the action at
21 the same time he/she files and properly serves a suggestion of death. If Dr. Norum's legal
22 representative wishes to substitute in as the proper defendant, he/she should move to lift the stay and
23 reopen the action at the same time he/she files a motion to substitute in as a defendant.

24 **IT IS SO ORDERED.**

25 Dated: September 10, 2015

LAUREL BEELER
United States Magistrate Judge